IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDY J. DeLaCRUZ,  )
 )
                  Petitioner,  )
 )
v.  )    Case No. 24-3030-JWL
 )
DOUGLAS CURTIS, Commandant,  )
United States Disciplinary Barracks,[1]  )
 )
                  Respondent.  )
 )
_____)

## MEMORANDUM AND ORDER

Petitioner Randy J. DeLaCruz has filed *pro se* a petition for habeas corpus relief under 28 U.S.C. § 2241, by which he challenges the military's custody of him after alleged parole violations. Respondent has filed an answer to the petition, but the Court vacated petitioner's traverse deadline pending ruling on two motions filed by petitioner. Respondent has now filed responses to those motions. For the reasons set forth below, the Court **denies** petitioner's Motion to Add Amendments (Doc. # 20); and it **denies as moot** petitioner's motion for production of a particular document (Doc. # 21). Moreover, the Court now resets petitioner's traverse deadline, and petitioner shall file any traverse or reply brief in support of his petition on or before **November 8, 2024**.

Petitioner's first motion is titled as a "Motion to Add Amendments," and he states in the motion that he submits certain amendments and asks the Court consider certain

---

[1] The present commandant has been substituted as respondent for the person that he replaced in that position.

"charges" against the Army. Those charges include withholding evidence, violating petitioner's rights to access documents, and delaying a habeas proceeding; and they appear to be based on petitioner's claimed inability to acquire military records, including a particular "Binding Legal Document" dated July 1998 that petitioner seeks for use in drafting his traverse. As the Court explained in its Memorandum and Order of June 24, 2024, however, this action under Section 2241 concerns only petitioner's claim that he is being imprisoned improperly, and there is no basis to assert such claims alleging misconduct by the military in this action. Accordingly, the Court denies petitioner's motion to amend the petition.[2]

Petitioner also requests appointment of counsel in this motion. A prisoner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, unless the court conducts an evidentiary hearing, the decision whether to appoint counsel rests in the discretion of the court. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a Section 2241 petitioner if it "determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding

---

[2] As the Court explained in its prior order, although petitioner may not assert additional claims against military officials, any relevant facts may be cited by petitioner in support of the claim properly asserted in the petition relating to the lawfulness of his present imprisonment.

whether to appoint counsel, a court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court is not yet persuaded that petitioner's claim is sufficiently complex or sufficiently meritorious to warrant appointment of counsel, and it therefore concludes that the interests of justice do not require appointment at this time. The Court thus denies this request without prejudice. Petitioner is free to renew this request as appropriate by separate motion filed with his traverse.[3]

In his other motion, petitioner requests production of a certain document that he signed in July 1998 relating to his transfer to the custody of the federal Bureau of Prisons (BOP), which document petitioner seeks for use in drafting his traverse in support of the petition. In response to the motion, respondent has produced that document. Accordingly, petitioner's motion for production is denied as moot.[4] Petitioner should file any traverse or reply brief in support of the petition on or before November 8, 2024.

---

[3] To the extent that petitioner also seeks production of a particular document in this motion, that request is denied as moot, as such a request is the subject of petitioner's other motion.

[4] Petitioner has complained about his inability to obtain his military file as part of his efforts to obtain the July 1998 document. He has not specifically requested production of any other documents from his file, however; nor has he shown that any other documents would be relevant to his petition. At any rate, as respondent notes, those records are now available for petitioner to request through the appropriate channels.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's Motion to Add Amendments (Doc. # 20) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for production of a particular document (Doc. # 21) is hereby **denied as moot**.

IT IS FURTHER ORDERED THAT petitioner shall file any traverse or reply brief in support of his petition on or before **November 8, 2024**.

IT IS SO ORDERED.

Dated this 9th day of October, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge