IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDY J. DeLaCRUZ, )
 )
                Petitioner, )
 )
v. )   Case No. 24-3030-JWL
 )
DOUGLAS CURTIS, Commandant, )
United States Disciplinary Barracks, )
 )
                Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

This habeas action by a military prisoner presently comes before the Court on two motions by petitioner. In the first, titled "Petition Accusing the Military of Tampering and Doctoring Official Military Documents" (Doc. # 26), petitioner states that two pages submitted as an exhibit by respondent are not in fact the evidence that he seeks for submission in support of the petition; he accuses Government officials of "tampering" and "doctoring" military records; and he seeks as relief for such conduct his immediate release and a financial penalty. For the reasons set forth below, the Court **denies** that motion. In the second, titled "Petition the Court to Subpoena a Military Document from the National Archives Personnel Records Center" (Doc. # 27), petitioner seeks production of a particular document from his military records from the National Personnel Records Center (NPRC). The Court **grants** that motion in part. The Court orders that respondent shall produce any additional documents not previously produced relating to petitioner's transfer in July 1998.

Motion Alleging Tampering (Doc. # 26)

In this action, petitioner claims that the military lacked the authority to revoke his parole because it ceded such authority to the United States Parole Commission when his custody was transferred to the Bureau of Prisons (BOP). Petitioner alleges that he signed a document in July 1998 at the time of the transfer that supports his claim that the military gave up its authority over him. Petitioner filed a motion seeking production of that document. In response, respondent produced two pages, as Attachment A to the response (Doc. # 23-1), described as a "transfer order," which respondent stated is what the Army "believes to be the referenced document," and the Court then proceeded to deny the motion as moot. The first page is an order, dated July 21, 1998, assigning petitioner to a BOP prison, signed only by a personnel officer with some information redacted. The second page is a memorandum regarding petitioner's discharge packet, signed on July 20, 1998, by petitioner and a witness. In his present motions, petitioner insists that these pages are not the document that he seeks, and he describes that document as one that stated that he was no longer the property of the military and that contained the signature of petitioner and two other officers.

Petitioner appears to argue that officials have tampered with or doctored official records in three ways. First, he argues that there are discrepancies between the pages produced by respondent (Doc. # 23-1) and his own copies of those pages (Doc. # 26-1) that his former attorney obtained by Freedom of Information Act (FOIA) request from the NPRC. A comparison of the submissions, however, does not suggest any improper conduct. In both cases, certain identifying information has been redacted, and on

petitioner's copies, certain subsections have been cited on the redactions themselves, presumably to reference the bases for the redactions.

Second, petitioner seems to suggest that respondent acted improperly by suggesting that the two pages comprised a single document. It is true that respondent, in his response to the prior motion, referred to the pages as a single document, but he has now clarified that that is not necessarily the case. Petitioner has suffered no prejudice from that slight mischaracterization, as each party is free to argue the import and relevancy of the two pages as appropriate. This argument does not provide a basis for the relief sought by petitioner.

Third, petitioner appears to argue that officials have withheld or altered the actual document that he claims he signed and that he presently seeks. The Court does not agree, however, that the production of these two pages suggests or provides evidence that another document exists and has been withheld or altered. The Court will address respondent's attempts to confirm the existence of any other documents with respect to petitioner's other motion.

Accordingly, the Court concludes that petitioner is not entitled to the relief he seeks, and the Court therefore denies the motion.

<u>Motion Seeking a Document (Doc. # 27)</u>

By his second motion, petitioner seeks production of the document that he claims he signed in July 1998 that has not yet been produced. In his response to the prior motion, respondent distinguished records held by the United States Disciplinary Barracks (USDB), which included the two pages produced by respondent, from petitioner's personnel file held by the NPRC, which respondent stated had been returned to the NPRC. In his present

motions, petitioner describes his efforts to obtain his file from the NPRC, including a recent call (which he claims was witnessed by a prison official) in which a NPRC representative stated that the computer file did not show that the records had been returned by respondent's counsel; that it could take up to 30 days for the computer to show that return; that petitioner could submit a new request for the file another 30 days after that; and that the process could be expedited if the Court ordered the NPRC to produce the documents (with the documents sufficiently described). Petitioner thus asks the Court to issue a subpoena for the document he seeks.

In setting a deadline for a response to these motions, the Court asked respondent to confirm whether there are any other such documents from July 1998 that have not been produced, address petitioner's statement disputing that his military records have in fact been returned to the record center and are available to him, and explain the extent to which counsel could facilitate the production of those records to petitioner. Respondent states in response that counsel did return the records, and he quoted at length counsel's correspondence in which he sought confirmation of the receipt of those records. Counsel was informed on November 13 that he would receive a response in 3-5 working days, and he states that there is no reason to believe that the records weren't received. In fact, petitioner's account does provide some evidence at least the records have not yet been received; and the Court notes that respondent did not wait for the requested confirmation, even though his response was not due until November 20. At any rate, it appears that the records will not be available to petitioner through the normal channels for many weeks at least. Respondent also states that counsel could facilitate production of the file to petitioner

by requesting the file again and then producing its contents to petitioner; but he argues that that would take a significant amount of time, and that petitioner has not justified the production of any documents from his personnel file by demonstrating the relevancy of any document. Respondent summarizes his argument from his answer to the petition, and he essentially argues now that petitioner must effectively prove his claim in order to show the relevance of the document he seeks. The Court concludes, however, that petitioner need not prove his claim at this stage; and it further concludes that petitioner has sufficiently shown that, if a document as described by him does exist (and he has described the document in some detail), that document could be relevant to his claim and that he should therefore have any such document before he files his traverse.

In answer to the Court's inquiries, respondent states that, "to the best of counsels' knowledge, there are no other documents from July of 1998 for production relevant to the issues presented to this Court for consideration." Counsel has not stated the basis for that knowledge, however, or described any efforts to confirm that there are no other documents. For instance, it does not appear that counsel has checked the personnel file, as that file has been returned to the NPRC. In addition, in his prior response respondent noted that the two pages previously submitted were obtained from the USDB, and counsel has not confirmed that that file does not contain any additional documents relating to the transfer. Accordingly, respondent shall, as soon as practicable, either produce all documents relating to the July 1998 transfer, whether held by the NPRC or the USDB, or certify to the Court

that those filed have been examined and do not contain any such documents.[1]  To that end, the Court **hereby orders the NPRC to produce to respondent's counsel, as soon as practicable, any document relating to the transfer of petitioner in July 1998 to the custody of the Bureau of Prisons**.  Counsel shall provide a copy of this order to the NPRC in making this request.  Petitioner's motion is thus granted to this extent.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion seeking relief for alleged tampering (Doc. # 26) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for a subpoena (Doc. # 27) is hereby **granted in part as set forth herein**.

IT IS SO ORDERED.

Dated this 15th day of November, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum  
Hon. John W. Lungstrum  
United States District Judge

---

[1]  Petitioner has not requested an order requiring the NPRC to produce any other unrelated documents from his personnel file or other military records.  Nor has petitioner shown that any other documents would be relevant here.  Therefore, the Court's order is limited to documents relating to the transfer in July 1998.  Petitioner may continue to request any other documents through the normal channels.