IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDY J. DeLaCRUZ,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 24-3030-JWL
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
DOUGLAS CURTIS, Commandant,⠀⠀)
United States Disciplinary Barracks,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Respondent.⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner presently confined within this judicial district, filed *pro se* a petition for habeas corpus relief under 28 U.S.C. § 2241, by which he challenges the military's revocation of his parole. For the reasons set forth below, the Court **denies** the petition. The Court also **denies** petitioner's motion for appointment of counsel (Doc. # 35).

Petitioner, a former active-duty member of the United States Army, was convicted of various offenses by court martial in 1985, and he received a sentence of confinement for life. In July 1998, petitioner was transferred from a military facility to a federal Bureau of Prisons (BOP) facility for his continued confinement, pursuant to a 1994 Memorandum of Agreement (MOA) between the Army and the BOP. In 2013, petitioner was released on parole by the United States Parole Commission (USPC), although his parole was revoked several times, for various offenses, between 2014 and 2023. Petitioner was last released on parole in January 2022. In February 2023, however, the USPC reported various parole

violations by petitioner, and petitioner was arrested and returned to military custody. In May 2024, after a hearing that petitioner refused to attend, the Army Clemency and Parole Board (ACPB) revoked petitioner's parole.

By this action, petitioner claims that the military had no power to revoke his parole because it had transferred custody over him to the BOP in 1998. Petitioner also appears to assert that his due process rights were violated in his revocation proceedings. Respondent has filed an answer to the petition, and petitioner has filed a reply in support of the petition, and the matter is therefore ripe for ruling.[1]

First, petitioner has waived these claims because he failed to exhaust military remedies. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003) (claim is waived if not raised in military proceedings, unless petitioner shows cause and actual prejudice); *Laughrey v. Commandant*, 2024 WL 1931452, at *2-3 (D. Kan. May 1, 2024) (Lungstrum, J.) (claims were waived for failure to exhaust military remedies, including jurisdictional claim that did not fall within specific Supreme Court exception), *appeal filed* (10th Cir. May 22, 2024). Petitioner does not dispute that he did not assert these claims in his revocation proceedings before the military authorities, nor has he shown cause and actual prejudice for that failure. Indeed, petitioner could have raised these issues in his revocation hearing, but he chose not to attend that proceeding.

---

[1] The Court denied petitioner's motion to amend his petition to add claims against various individuals for alleged offenses against him. The Court subsequently denied petitioner's motions for appointment of legal counsel and for certain discovery. The Court did grant petitioner relief by ordering respondent to conduct a further search for relevant documents, but it ultimately denied petitioner any further relief concerning such documents.

Petitioner's claims also fail on their merits.  Petitioner argues that the military lost its authority to revoke his parole after it transferred custody over him to the BOP in 1998. 10 U.S.C. § 802(a)(7), however, subjects to military jurisdiction any person serving a sentence imposed by court martial, *see id.*, and because petitioner was on parole subject to certain restrictions, he remained in custody and his sentence had not yet expired.  *See Huschak v. Gray*, 642 F. Supp. 2d 1268, 1280 (D. Kan. 2009).  It is true that custody over petitioner was transferred to the BOP pursuant to the 1994 MOA, which provided that parole authority for military prisoners transferred to the BOP would rest with the USPC, and that military prisoners who violated parole restrictions would be returned to federal facilities in accordance with BOP instructions.  The MOA, however, did not state that the military, by transferring prisoners to BOP custody, lost all jurisdiction over those prisoners; indeed, even with respect to parole violations, the MOA referred to those prisoners as "military prisoners".

Nor did the MOA state that the transfer of primary parole or revocation authority to the USPC and BOP could not be undone; to the contrary, the parole revocation provision stated that a violator would be returned pursuant to BOP instructions unless otherwise directed by the particular service.  In 2022, the Army executed a new MOA with the BOP that explicitly amended the 1994 MOA and returned to the military authority over parole revocations for transferred prisoners.  Thus, even if the military had given up its authority to revoke petitioner's parole by the 1994 MOA, it took back that authority in 2022. Petitioner has cited no legal authority suggesting that the military irretrievably lost authority to revoke petitioner's parole.

Petitioner nonetheless argues that the military did lose that authority forever by executing, at the time of his transfer to BOP custody in July 1998, a "binding legal document" that superseded the 1994 MOA and any amendments thereof. First, petitioner has not cited any authority that would allow the military to make such an agreement outside its stated policy as expressed in the 1994 MOA. Moreover, petitioner has been unable to produce any such document that explicitly superseded the MOA. Petitioner insists that this document as alleged by him must exist, but respondent's counsel has confirmed – even after commanded by this Court to perform an additional search – that no additional documents relating to his 1998 transfer exist in petitioner's records, either in his file at his present place of confinement or in the central depository for petitioner's military records. Finally, although petitioner has attempted to describe this document in great detail, the Court is not persuaded that the military would have in fact executed such a document as described – the Court finds it unlikely that the Army would go beyond the 1994 MOA by giving up all future rights while transferring petitioner to BOP custody; and it is highly unlikely that the military would describe petitioner in a transfer document as the "property" of BOP, as petitioner repeatedly insists in describing the key provision of this purported document on which he relies.

Accordingly, the Court concludes that petitioner has failed to show that the military lacked authority to revoke his parole. The Court therefore denies this claim on the merits.

Any due process claim by petitioner concerning his revocation proceedings also fails on the merits. Because the decision is discretionary, a military prisoner has no liberty interest in parole, *see Maze v. Ledwith*, 2015 WL 5125444, at \*6 (D. Kan. Sept. 1, 2015);

4

therefore, no procedural due process rights attach in the context of parole proceedings.  *See Artis v. United States Dept. of Justice*, 166 F. Supp. 2d 126, 131 (D.N.J. 2001).  Moreover, petitioner has not shown that he was denied sufficient process, as counsel was appointed for him (whom he fired) and he was afforded a revocation hearing (which he chose not to attend).

Finally, the Court denies petitioner's second motion for appointment of counsel, which he has based primarily on the need to locate and question witnesses about the purported 1998 document on which he has relied.  A prisoner has no constitutional right to counsel in a federal habeas corpus action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Rather, unless the court conducts an evidentiary hearing, the decision whether to appoint counsel rests in the discretion of the court.  *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  A court may appoint counsel for a Section 2241 petitioner if it "determines that the interests of justice so require."  *See* 18 U.S.C. § 3006A(a)(2)(B).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  When deciding whether to appoint counsel, a court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *See Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

As discussed above, the Court is not persuaded that a document as described by petitioner, irretrievably transferring revocation authority to the BOP and USPC, exists. In addition, it appears that petitioner may access all of his military records upon request. Thus, the Court concludes in its discretion that the interests of justice do not require appointment of counsel for petitioner, and the Court therefore again denies that request.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 35) is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of January, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge