IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDY J. DeLaCRUZ,                       )
                                         )
                    Petitioner,          )
                                         )
        v.                               )        Case No. 24-3030-JWL
                                         )
DOUGLAS CURTIS, Commandant,              )
United States Disciplinary Barracks,     )
                                         )
                    Respondent.          )
                                         )
_____)

## MEMORANDUM AND ORDER

Petitioner, a military prisoner presently confined within this judicial district, filed *pro se* a petition for habeas corpus relief under 28 U.S.C. § 2241, by which he challenged the military's revocation of his parole.  By Memorandum and Order of January 17, 2025, the Court denied the petition.  This matter presently comes before the Court on a motion (Doc. # 40) in which petitioner contends that respondent's counsel violated an order requiring his review of particular records.  For the reasons set forth below, the Court **denies** the motion.  The Court also **denies** petitioner's motion for a continuance (Doc. # 46).

In litigating his petition, petitioner relied primarily on his assertion that he had executed a particular document in July 1998, but he was unable to produce a copy of that document.  Nor did respondent locate any such document as described by petitioner, even after the Court ordered respondent to conduct a second search.  Ultimately, in denying the petition, the Court stated that it had not been persuaded that any such document as described by petitioner ever existed.

Petitioner mailed his present motion to the Court before he received the Memorandum and Order in which the Court denied the petition. In that motion petitioner contends that respondent's counsel did not review his military records as ordered by the Court. More specifically, petitioner states that, according to a person at the records office, no request has been made to review petitioner's records, and no subpoena has been received relating to those records. In order to give petitioner's claim concerning the alleged document every last consideration, the Court ordered respondent to file a response setting forth the steps counsel undertook to review petitioner's records as ordered.

Respondent has now responded and submitted evidence that counsel did obtain and review petitioner's records a second time and did otherwise comply with the Court's order. In that response, respondent also correctly notes that, contrary to petitioner's contention, the Court did not issue any subpoena for the records, but merely ordered respondent to provide a copy of the Court's order to the records authority. Respondent has provided evidence that a copy was indeed sent. In his reply brief in support of the motion, petitioner continues to argue that the document on which he relies did exist, and he requests that the Court order the military to produce all relevant documents.

The Court concludes that petitioner has not shown that respondent's counsel failed to comply with the Court's orders. The Court is persuaded that counsel reviewed petitioner's military records and produced all relevant documents. Accordingly, the Court again considers all issues concerning petitioner's records and the alleged document closed, and it denies the present motion.

2

At the time he filed his reply brief, petitioner also filed a motion in which he seeks a 90-day continuance to allow time for military officials to respond to his requests for his records, based on his insistence that the hoped-for document must exist. The Court denies this motion. The Court has denied the petition, it has entered judgment against petitioner, and it has denied petitioner's motion concerning the actions of respondent's counsel. Petitioner seeks additional time to search for a document; but as set forth in the Court's previous opinion, the Court's decision did not rest solely on petitioner's failure to convince the Court that a document existed as described by petitioner. The Court also concluded that the military had jurisdiction to revoke petitioner's parole, and that petitioner had waived his claims by failure to exhaust administratively remedies at any rate. Therefore, there is no basis to vacate the judgment or otherwise to allow the case to remain open. If petitioner succeeds in locating a document that he believes proves his claim and entitles him to relief, he is free to file a motion seeking to vacate the judgment at that time.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion relating to respondent's compliance with an order (Doc. # 40) is hereby **denied**.

IT IS FUTHER ORDERED BY THE COURT THAT petitioner's motion for a continuance (Doc. # 46) is hereby **denied**.

IT IS SO ORDERED.

Dated this 25th day of March, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge